UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| KEESHA BLEVINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:20-CV-224-TAV-JEM |
| | ) |
| SCOTT COUNTY, TENNESSEE, et al., | ) |
| | ) |
| Defendants. | ) |

**<u>ORDER</u>**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

On February 23, 2022, Defendants requested an informal discovery dispute conference pursuant to section 3(i) of the Scheduling Order [Doc. 34]. Prior to scheduling the informal conference, Plaintiff's counsel, Attorney Darren Berg, filed a Notice of Intent to Withdraw as Counsel of Record [Doc. 35], stating his intention to file a motion to withdraw based on Plaintiff's lack of communication with him [*Id*. at 1]. In the notice, Attorney Berg stated that he would be sending Plaintiff a copy of the notice and the motion to withdraw in accordance with the Local Rules of this Court [*Id*.].

On March 2, 2022, the Court ordered the parties to appear before the undersigned on March 21, 2022, at 2:30 p.m., for an in-person status conference [Doc. 37]. Given the notice of intent to withdraw, the Court required Plaintiff to attend the hearing and directed Attorney Berg to serve the Order on Plaintiff and make proof of that service pursuant to Federal Rule of Civil Procedure 4(l) [*Id*. at 1]. No one appeared at the status conference on March 21, 2022 [Doc. 39 p. 1]. The courtroom deputy was able to contact Defendants' counsel, Attorney Arthur Knight,

who proceeded to participate via telephone [*Id.*].[1] The courtroom deputy attempted to contact Attorney Berg twice by telephone, at the number provided by Attorney Berg in Court filings, but she was not successful in her attempts to contact him [*Id.* at 2].

Given that Attorney Berg did not attend the hearing and he did not file proof that he served the Court's March 2 Order on Plaintiff as required [*see* Doc. 37], the Court ordered Attorney Berg to appear before the undersigned on April 1, 2022, at 3:00 p.m., to show cause as to why the Court should not take action on Attorney Berg's failure to appear and make proof of service upon his client, including imposing any appropriate sanctions or holding Attorney Berg in contempt of court [Doc. 39 p. 2]. Prior to the April 1 show cause hearing, however, the Court was made aware through a publicly filed document in another case, *see Hall v. Sokovich*, 3:21-CV-276-KAC-DCP (E.D. Tenn. Mar. 31, 2022) [Doc. 36], that Attorney Berg recently experienced a medical emergency and was on bedrest. The Court cancelled the show cause hearing set for April 1, 2022, and rescheduled it for April 18, 2022, at 2:30 p.m. [Doc. 40].

On April 7, 2022, Attorney Berg filed a response [Doc. 42] to the Court's Show Cause Order [Doc. 39]. His response addresses the procedural history of this case, including a previous dismissal, and Attorney Berg informs the Court that, approximately a year ago, he received a call from Plaintiff, "but he has been unable to establish communications with her since that date." [Doc. 42 p. 1].

The parties appeared before the Court on April 18, 2022, for the show cause hearing. Attorney Berg attended the hearing. Attorney Knight attended the hearing on behalf of

---

[1] Attorney Knight explained that he had to travel out of town due to a family matter and upon his recent return, he missed the hearing on his calendar [Doc. 39 pp. 1–2].

2

Case 3:20-cv-00224-TAV-JEM    Document 47    Filed 04/20/22    Page 2 of 4    PageID #: 206

Defendants. During the show cause hearing, Attorney Berg explained his unsuccessful attempts to contact Plaintiff throughout the course of this litigation, including sending multiple letters and emails and placing telephone calls to Plaintiff's cellphone, to no avail. With respect to the Court's Show Cause Order [Doc. 39], Attorney Berg stated that he could not comply with the Court's order to serve Plaintiff with [Doc. 37] because he does not have Plaintiff's current mailing address. Yet, he informed the Court that the parties would be filing a joint stipulation of dismissal, which he discussed with the Board of Professional Responsibility. In addition, Attorney Berg stated that he did not attend the status conference on March 21, 2022, because he had experienced several personal issues in late March 2022 and he did not have the status conference on his calendar. Defendants stated that they had no position on the Court's Show Cause Order [Doc. 39], but Attorney Knight confirmed the parties' plan to file a joint stipulation dismissing this case.[2]

The Court has considered Attorney Berg's reasons for not serving Plaintiff with the Court's Order [Doc. 37] and for not attending the status conference on March 21, 2022. In light of these reasons, including his inability to communicate with Plaintiff despite his attempts to do so and his recent personal issues, the Court hereby **DISCHARGES** its Show Cause Order [**Doc. 39**]. While the Court finds Attorney Berg's inactions do not warrant sanctions or other action, the Court **ADMONISHES** Attorney Berg that he is an officer of the Court and that the Court expects him "to preserve judicial decorum and to enforce the respectability of the legal profession." *United States v. Anonymous*, 215 F. Supp. 111, 113 (E.D. Tenn. 1963); *see also Hooks v. Astrue*,

---

[2] Following the hearing, the parties filed a Joint Stipulation of Dismissal [Doc. 46] on April 19, 2022. Although this case is now closed, "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990). Included within the issues a court may consider is whether an "attorney has abused the judicial process, and if so, what sanction would be appropriate." *Id.*

3

No. 1:11-CV-166, 2012 WL 3454416, at *4 (E.D. Tenn. Aug. 14, 2012) ("As an officer of the court counsel has an obligation to strive to the highest standards of professional practice."). This expectation includes strict compliance with Court orders, or, at the very least, prompt notification of the inability to comply.

    **IT IS SO ORDERED.**

                              ENTER:

                              */s/ Jill E. McCook*
                              Jill E. McCook
                              United States Magistrate Judge